IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TYSON HAMILTON                                                                                               PLAINTIFF

v.                                           Civil No. 4:20-cv-4024

CAPTAIN JAMES WISE, Hempstead County;
SERGEANT HICKEY, Hempstead County; NURSE
HARRIS, Sergeant Hempstead County Jail;
SERGEANT VERSHA; and SERGEANT BRYANT                                    DEFENDANTS

**ORDER**

Before the Court is Plaintiff's failure to obey Court orders. Plaintiff Tyson Hamilton filed this 42 U.S.C. § 1983 action *pro se* on March 19, 2020 in the Eastern District of Arkansas. (ECF No. 2). The following day, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4).

On March 23, 2020, this Court entered an order directing Plaintiff to either have the certificate portion of his *in forma pauperis* ("IFP") application completed by the appropriate detention center official and return the application to this Court for review and filing or pay the $350 filing fee and $50 administrative fee, a total of $400 on or before April 13, 2020. (ECF No. 6). This order also directed Plaintiff to file an Amended Complaint by the same date. *Id.* In addition, the order informed Plaintiff that failure to timely and properly comply with the order would subject this case to dismissal. To date, Plaintiff has not complied with the Court's order and the order has not been returned to the Court as undeliverable.

On April 14, 2020, the Court ordered Plaintiff to show cause by April 24, 2020, as to why he failed to comply with a court order directing him to submit a completed IFP application and file an amended complaint. (ECF No. 7). The order informed Plaintiff that failure to show cause by

the Court's imposed deadline would result in the case being dismissed without prejudice. To date, Plaintiff has not responded, and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge